**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4926

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LON T. MARTIN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   Henry E. Hudson, District Judge.  (CR-04-116)

Submitted: April 27, 2005                Decided:  May 25, 2005

Before WILLIAMS, MICHAEL, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Matthew P. Geary, Richmond, Virginia, for Appellant.   Paul J. McNulty, United States Attorney, Elizabeth C. Wu, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Lon T. Martin appeals his convictions for possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841 (2000), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (2000). Martin asserts the district court erred in denying his motions to suppress evidence obtained during his detention by police prior to their execution of a search warrant at his residence. Finding no error, we affirm.

We review the district court's factual findings on a suppression motion for clear error and its legal conclusions de novo. United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005). When a suppression motion has been denied, we review the evidence in the light most favorable to the Government. United States v. Perkins, 363 F.3d 317, 320 (4th Cir. 2004), cert. denied, 125 S. Ct. 867 (2005).

Martin first contends the district court erred in ruling that officers had the required level of reasonable and particularized suspicion to warrant his stop and detention. However, we find the district court properly determined his detention was reasonable under the Fourth Amendment. See Michigan v. Summers, 452 U.S. 692 (1981). Martin next contends the evidence underlying the affidavit in support of the search warrant was illegally seized, because he had a reasonable expectation of

privacy in the trash located in cans situated on his property away from the curb, and the trash collector had become a police agent. Although Martin does not address the district court's ruling that even assuming the trash were illegally seized, a preponderance of the evidence showed it would have been inevitably discovered through lawful means, we conclude the district court did not err in this ruling. See Nix v. Williams, 467 U.S. 431 (1984). Finally, we find that the district court properly rejected Martin's staleness argument based on the four-day delay between issuance and execution of the search warrant under the circumstances of this case. See United States v. Farmer, 370 F.3d 435 (4th Cir.), cert. denied, 125 S. Ct. 676 (2004).

Accordingly, the district court did not err when it denied Martin's motions to suppress. We therefore affirm Martin's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED